UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-tp-80002-Rosenberg

UNITED STATES OF AMERICA,

v.

WESLEY SCOTT ALDRED,

      Defendant.

_____/

### REPORT & RECOMMENDATION

      Defendant, WESLEY SCOTT ALDRED, appeared before the Court on March 12, 2020, represented by counsel, for a final hearing on violations of his supervised release. Defendant was originally convicted in the Southern District of Illinois with one count of conspiracy to commit wire fraud in violation of Title 18 U.S.C. § 1349. On February 10, 2015, Defendant was sentenced to one day in prison, to be followed by two years of supervised release. Defendant was also ordered to pay a $100 special assessment fee, a fine of $750.00, and to comply with special conditions. Defendant began his term of supervised release on February 11, 2015.

      Defendant's supervision was revoked on June 7, 2018. Defendant was sentenced to twenty-one (21) months in the custody of the Bureau of Prisons followed by thirty-nine (39) months of supervised release. In addition to other special conditions of supervision, Defendant was directed to participate in treatment for narcotics and alcohol addiction, as well as to refrain from knowingly visiting or remaining at places where controlled substances are illegal sold, used, distributed, or administered. On February 7, 2020, United States District Judge Kenneth A. Marra accepted jurisdiction of Defendant's case from the Southern District of Illinois. On May 15, 2020, the Court was notified that Defendant had been arrested for a new violation of the law.

Defendant is now charged with violating his term of supervision by:

(1) Unlawfully possessing or using a controlled substance on October 28, 2019, January 31, 2020, and February 5, 2020;
(2) By committing a violation of the law on May 4, 2020 by selling/possessing a controlled substance in violation of Florida Statute 893.13 (1)(A)(1);
(3) By failing to refrain from a violation of the law on May 4, 2020 by possessing and/or using drug paraphernalia, contrary to Florida Statute 893.147(1);
(4) By failing to refrain from a violation of the law on May 4, 2020 by committing the offense of child neglect in violation of 827.03(2)(D);
(5) By failing to participate in an approved treatment program when he was unsuccessfully discharged from Drug Abuse Foundation of Palm Beach County on July 15, 2020.

At the hearing, Defendant freely, knowingly, and voluntarily admitted to violation numbers 1, 3, and 5. Defendant denied violation number 2, but admitted to a lesser charge of simple possession. The Government presented no evidence in support of violations number 2 or 4.

Based on the foregoing, the Court RECOMMENDS that the District Court accept Defendant's admissions and find him GUILTY of committing violation numbers 1, 3, and 5 as charged. In addition, the Court RECOMMENDS the Defendant be found GUILTY of the lesser offense of simple possession in violation number 2. The Court further RECOMMENDS that the Defendant be found NOT GUILTY the remaining part of violation number 2 and all of violation number 4, and that this matter be set down for sentencing before U.S. District Judge Robin L. Rosenberg.

A party shall serve and file written objections, if any, to this Report and Recommendation with U.S. District Judge Robin L. Rosenberg, within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections "waives a party's right to review." Fed. R. Crim. P. 59(b)(2); *U.S. v. Aponte*, 461 F. App'x 828, 830 n.2 (11th Cir. 2012) (collecting cases).

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of March, 2021.

                                              DAVE LEE BRANNON
                                              U.S. MAGISTRATE JUDGE